E-FILED
Thursday, 11 January, 2007  03:39:14 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EILEEN M. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-1235 |
| | ) |
| THE METHODIST MEDICAL CENTER | ) |
| OF ILLINOIS, METHODIST COLLEGE | ) |
| OF NURSING, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff Eileen M. Jackson's Response to and Motion to Strike Affirmative Defenses of Defendant Methodist Medical Center of Illinois. For the reasons set forth below, Plaintiff's Motion to Strike is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

The facts of this case are understandably limited at this early stage of litigation. Defendant Methodist Medical Center of Illinois employed Plaintiff as a Professor for Defendant's College of Nursing from July 2004 through February 2006. Plaintiff's First Amended Complaint alleges that she was diagnosed with Adult Attention Deficit Disorder ["AADD"], generalized anxiety, depression, and post-traumatic stress disorder. She further alleges that her condition diminished her organizational skills and ability to focus, and that she requested that Defendant provide her with certain accommodations so that she could perform her duties as a professor of nursing.

Plaintiff claims that all of her proposed accommodations were denied. On February 17, 2006, Defendant terminated Plaintiff for "inappropriate professional behavior and poor job

performance." Am. Compl., ¶ 35.  On March 14, 2006, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ["EEOC"], and in June 2006, the EEOC issued Plaintiff a Right to Sue Letter.  Plaintiff filed this action on September 13, 2006, alleging that Defendant retaliated against her and terminated her in violation of the Americans with Disability Act ["ADA"] and Rehabilitation Act.

On November 7, 2006, Defendant filed its Answer and Affirmative Defenses to the allegations of Plaintiff's First Amended Complaint.  Three days later, Plaintiff filed her "Response to and Motion to Strike Affirmative Defenses."  Defendant has filed its Response to Plaintiff's Motion to Strike Affirmative Defense.  This Order follows.

## STANDARD OF REVIEW

Although Plaintiff's Motion to Strike does not specifically invoke any of the Federal Rules of Civil Procedure, this Court believes that Plaintiff's motion is properly construed as a motion to strike under Rule 12(f).  Rule 12(f) permits a district court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike affirmative defenses are generally disfavored because of their potential to delay proceedings.  *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  Nonetheless, a motion to strike can be a useful means of removing "unnecessary clutter" from a case, which may ultimately expedite the proceedings.  *See id*.

Affirmative defenses are pleadings and are therefore subject to all the same pleading requirements applicable to complaints.  *Id*.  Accordingly, affirmative defenses must set forth a "short and plain statement" of the basis for the defense.  Fed. R. Civ. P. 8(a); *Heller*, 883 F.2d at 1294.  This Court will strike an affirmative defense is if the matter is not an appropriate affirmative defense, if it is not *adequately* pled under the required of Federal Rules 8 and 9, or if

the defendant could not prove any set of facts in support of the defense that would defeat the complaint.  *See Williams v. Jader Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991); *see also Reis Robotics USA, Inc. v. Concept Indus., Inc.*, No. 06-CV-1430, 2006 WL 3198934, at *4 (N.D. Ill. Nov. 6, 2006); *Builders Bank v. First Bank & Trust Co.*, No. 03-C-4959, 2004 WL 626827, at *2 (N.D. Ill. Mar. 24, 2004).

## ANALYSIS

In Response to Plaintiff's First Amended Complaint, Defendant asserts four affirmative defenses.  Defendant asserts that Counts I, II, IV, and the claim for punitive damages fail to state a claim upon which relief can be granted.  Defendant also asserts that the "Court lacks jurisdiction of Plaintiff's claims to the extent that they exceed the scope of the charges filed with the (EEOC)," that the Complaint is time-barred to the extent that it related to events that predate the applicable statue of limitations, and that Plaintiff has failed to mitigate her alleged damages.  The Court will address each defense in turn.

### I. Failure to State a Claim

Defendant's First, Fourth, Fifth, and Sixth affirmative defenses assert that Counts I, II, IV, and the claim for punitive damages, respectively, each fail to state a claim upon which relief can be granted.  Plaintiff's Motion to Strike essentially restates the allegations of the First Amended Complaint, arguing that her claims have been properly pled; Defendant's Response to the Motion to Strike essentially argues that "failure to state a claim" can be properly raised as an affirmative defense to Plaintiff's claims.

There is some disagreement about whether a party may properly assert "failure to state a claim" as an affirmative defense or whether that defense must be raised in a separate motion pursuant to 12(b)(6).  *Compare Instituto Nacional De Comercializacion Agricola v. Continental*

*Illinois Nat'l Bank and Trust Co.*, 576 F. Supp. 985, 991 (N.D. Ill. 1983) (striking failure-to-state-a-claim defense because a true affirmative defense raises matters *outside* of the plaintiff's complaint); *with Mendrala v. Crown Mortgage Co.*, No. 99-CV-7386, 1990 WL 60705, at *3 (N.D. Ill. April 23, 1990) ("[T]he failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer."). *See also Builders Bank*, 2004 WL 616927, at *2. However, even those courts that have allowed a party to assert a defense of failure to state a claim have not read the Federal Rules so liberally as to allow the bare recitation of the legal standard ("failure to state a claim") without a short and plain statement of the basis for the defense, as required by Rule 8(a). *See, e.g.*, *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 803-04 (N.D. Ill. 2004); *Chronister v. Superior Air/Ground Ambulance Service, Inc.*, No. 05-C-3492, 2005 WL 3019408, at *2 (N.D Ill. Nov. 8, 2005); *Builders Bank*, 2004 WL 626827, at *3 (striking certain failure-to-state-a-claim defenses which just recited the legal standard but allowing other failure-to-state-a-claim defenses that identified a prima facie element that was improperly pled).

Here, Defendant has done no more than recite the "bare bones" legal standard, which is generally insufficient. *Heller*, 883 F.2d at 1295. Defendant's First, Fourth, Fifth, and Sixth affirmative defenses are insufficient under Rule 8(a) because they do not put Plaintiff on notice of any reasons why Defendant believes that the complaint has failed to state a claim. *See Builders Bank*, 2004 WL 616827, at *3 (citing *Richmond v. Nationwide Cassle*, L.P., 52 F.3d 640, 644 (7th Cir. 1995) (the primary purpose of rule 8(a) is provide fair notice to the other party of the claims or defenses asserted against him). Therefore, the Court strikes Defendant's First, Fourth, Fifth, and Sixth affirmative defenses; Defendant is granted 14 days leave to amend.

**II. Scope of Claim**

Defendant's Second affirmative defense states that "The Court lacks jurisdiction of Plaintiff's claims to the extent that they exceed the scope of the charges filed with the [EEOC]." In her Motion to Strike, Plaintiff merely asserts that her claims do not exceed the scope of her charges filed with the EEOC, while Defendant asserts that it may properly raise this affirmative defense to Plaintiff's claims.

The nature of Plaintiff's claims demand that she adhere to certain administrative pre-requisites that govern what claims she may bring in this Court. At this stage in the litigation, before parties have conducted discovery, this defense is properly pled. Nothing about the facts or basis for this affirmative defense is "uniquely within the purview of the Defendant," unlike the case with a putative failure-to-state-a-claim defense. *Chronsiter*, 2005 WL 3019408, at *3. Plaintiff is on notice of the defense that any claims presented in the Amended Complaint which are not included in her EEOC charge should be barred. Because this defense sufficiently puts Plaintiff on notice of the issue raised, and Defendant may be able to prove facts to support this defense, the Court denies Plaintiff's Motion to Strike with respect to the Second affirmative defense.

**III. Statute of Limitations**

Defendant's Third affirmative defense is that Plaintiff's claims are time barred to the extent that they relate to events that predate the applicable statute of limitations. Plaintiff's Motion to Strike states only that "[t]his defense is insufficient and vague as to what counts it is [sic] applicable and fails to cite which federal statues apply." Defendant responds that this defense is specifically allowed under 8(c), and that the "applicable" limitations periods are

obviously those under the ADA and the Rehabilitation Act, the two federal statutes under which Plaintiff has brought her complaint.

Federal Rule 8(c) permits a party to affirmatively set forth the defense that the plaintiff's claim is barred by the applicable statute of limitations. The Court agrees that Defendant's pleading in this case is sufficient to put Plaintiff on notice of *which* statutes of limitations are at issue—Plaintiff has done this herself when she identified the federal statutes to govern her Complaint. While Defendant has not explained why the statutes may apply to bar the claims in this case, Defendant probably will not become informed on that point until discovery has been completed.[1] *Builders Bank*, 2004 WL 626827, at *5 ("It is only through discovery that [the defendant] can find out whether [plaintiff's] claims are barred by the statute of limitations."). Because Defendant would waive its right to present evidence regarding the statute of limitations if it does not raise it as an affirmative defense in its answer, and because any information pertaining to Plaintiff's compliance with the statute of limitations is most likely in Plaintiff's own hands, the Court denies Plaintiff's Motion to Strike with respect to the Third affirmative defense.

## IV. Failure to Mitigate

Defendant's Seventh and final affirmative defense merely states "On information and belief, Plaintiff has failed to mitigate her alleged damages." In her Motion to Strike, Plaintiff again essentially denies the substance of the defense, alleging the ways that she has in fact mitigated her damages, while Defendant's Response again states that this defense "is a well established affirmative defense to employment discrimination actions."

The Court agrees that "failure to mitigate" is a proper affirmative defense. While some court have held that this conclusory allegation, without more, is an insufficiently pled affirmative

---

[1] Initial disclosures in this case just recently became due on December 22, 2006.

defense, *Franklin Capital Corp. v. Baker & Taylor Entertainment, Inc.*, No. 99-C-8237, 2000 WL 1222043, at *5 (N.D. Ill. Aug. 22, 2000), courts have generally held that "where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts." *AAR Intern., Inc. v. Vacances Heliades S.A.*, 202 F. Supp. 2d 788, 800 (N.D. Ill. 2000) (quoting *Fleet Bus. Credit Corp. v. Nation City Leasing Corp.*, 191 F.R.D. 568, 570 (N.D. Ill. 1999); *see also Cohn v. Taco Bell Corp.*, No. 92-V-5852 1995 WL 247996, at *5 (N.D. Ill. April 24, 1995) (refusing to strike a failure-to-mitigate-damages defense because it would have been unreasonable to expect the defendant to have detailed information about mitigation at the early stages of litigation). In light of the fact that this litigation is still in its early stages, the Court denies Plaintiff's Motion to Strike with respect to the Seventh affirmative defense.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike Defendant's Affirmative Defenses is DENIED with respect to the Second, Third, and Seventh defenses. Plaintiff's Motion is GRANTED WITHOUT PREJUDICE with respect to the First, Fourth, Fifth, and Sixth defenses. While the First, Fourth, Fifth, and Sixth defenses are hereby stricken, the Court grants Defendant 14 days to amend its affirmative defenses, should it wish to do so.

ENTERED this 11th day of January, 2007.

    _s/Michael M. Mihm_
    Michael M. Mihm
    United States District Judge